IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD C. BEALS and CHERYL J. BEALS,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF UTAH,<br><br>    Defendants. | Case No. 2:10-cv-787-CW<br><br><br><br>**REPORT AND RECOMMENDATION**<br><br><br><br>Magistrate Judge Samuel Alba |

Before the Court is a Motion to Dismiss brought by Defendants United States Department of Justice (hereafter "DOJ") and United States Attorney's Office for the District of Utah. (Doc. 3.) Defendants argue this case must be dismissed because Defendants enjoy sovereign immunity in this case, the action is untimely, *pro se* Plaintiff Richard A. Beals'[1] civil rights claim

---

[1] Although Cheryl Beals is listed in the caption of the Complaint as a plaintiff in this action, she did not sign the Complaint. (Doc. 1, at 7.) In addition, Ms. Beals has not filed any other documents in this case. Because Ms. Beals has not signed the Complaint, and because Mr. Beals cannot represent her because he is not an attorney, Ms. Beals is not a party to this action, and the only plaintiff in this case is Mr. Beals.
    Even were the Court to find that Ms. Beals is a legitimate plaintiff in this action, this action must be dismissed also as to her because, as discussed in detail below, the Court lacks subject matter jurisdiction in this case.

is barred by issue preclusion, and his purported Federal Tort Claims Act (hereafter "FTCA") claim is barred by claim preclusion.

Because Mr. Beals' is proceeding *pro se*, the Court construes his pleadings liberally. *See Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003). Nevertheless, having carefully reviewed the pleadings in this matter, the Court recommends that Defendants' Motion to Dismiss be granted.

## BACKGROUND

In January 1988, Mr. Beals was the defendant in a federal criminal trial over which United States District Judge Bruce S. Jenkins presided (Doc. 1, Ex. 2, at 9). *United States v. Beals*, CR-87-143J. A jury found that Mr. Beals was guilty of threatening a court clerk. (Doc. 1, Ex. 2 at 9.)

In 1993, Mr. Beals filed a civil rights action (hereafter "1993 Action") requesting millions of dollars in damages, over which United States District Judge David Winder presided. (Doc. 24, Ex. A.) Among several others, the DOJ was a named defendant. (*Id.*) In that action, Mr. Beals alleged that the DOJ withheld exculpatory evidence in Mr. Beals' above-referenced criminal trial. (*Id.* at 19-20.) The DOJ moved to dismiss the claims against it based on sovereign immunity. (*Id.* Ex. B.) Mr. Beals' attorney agreed to dismiss the claims against all parties except for five named individuals. (*Id.* Ex. C, at 4.) This Court issued a Report and Recommendation which recognized Mr.

2

Beals' stipulated dismissal and recommended that the claims against the DOJ be dismissed. (*Id.*) Judge Winder adopted the Report and Recommendation (*Id.* Ex. D), and ultimately issued a Judgment dismissing all of Mr. Beals' claims against all defendants with prejudice (*Id.* Ex. E).

On August 12, 2010, more than 22 years after his criminal conviction, Mr. Beals filed this action against Defendants in which he seeks money damages. (Doc. 1.) Mr. Beals alleges in this action that Defendants withheld exculpatory evidence prior to and during his 1988 trial. (*Id.*) Mr. Beals also claims that because of these alleged discovery violations, he was wrongfully incarcerated, fined, and forced to deal with the stigma of being a convicted felon. (*Id.*) Mr. Beals asks the Court to: (1) reverse his 1988 conviction; (2) order Cheryl J. Bills to testify about a divorce conspiracy; (3) order Defendants to pay Mr. Beals $150,000 in damages; and (4) order the estates of Mr. Beals' parents be paid to him in cash. (*Id.* at 6.)

On October 5, 2010, Defendants filed the Motion to Dismiss currently before the Court. (Doc. 3.) Mr. Beals filed his objections to that motion on October 18, 2010. (Doc. 7.)

On November 16, 2010, United States District Judge Clark Waddoups, to whom this case is assigned, referred this case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B). (Docs. 12, 13.)

The Court scheduled a hearing on Defendants' motion for January 4, 2011. (Doc. 16.) On January 4th the hearing was held. Counsel for Defendants was in attendance, but Mr. Beals did not appear. (Doc. 17.) The Court requested that Defendants file a supplemental memorandum regarding their Motion to Dismiss by January 21, 2011, and gave Mr. Beals until February 11, 2011, to file a response. (*Id.*) Defendants filed their supplemental memorandum on January 10, 2011. (Doc. 24.) Mr. Beals did not respond to the supplemental memorandum; instead, on January 12, 2011, Mr. Beals filed a Motion to Compel Ongoing Brady Violations (Doc. 25) and continued to send emails to the Court, despite a January 7, 2011 court order prohibiting him from so doing (Doc. 23).

**ANALYSIS**

Defendants argue Plaintiffs' case must be dismissed because Defendants enjoy sovereign immunity in this case, Mr. Beal's action is untimely, issue preclusion bars Mr. Beal's civil rights claim, and claim preclusion bars any FTCA claim he may be attempting to bring in this action. The Court concludes that each of these arguments has merit.

**A. Sovereign Immunity**

First, Defendants argue they enjoy sovereign immunity in this case because Congress has not passed a statute waiving sovereign immunity for actions that seek damages for alleged discovery violations during a criminal trial.

4

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota*, 461 U.S. 273, 287 (1983); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "[T]he existence of consent [to be sued] is a prerequisite for jurisdiction," *Mitchell*, 463 U.S. at 212, and "the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *Sherwood*, 312 U.S. at 586. Mr. Beals bears the burden of showing a waiver of sovereign immunity before this Court may entertain his action. *United States ex rel. Precision Co. v. Koch Indus.*, 971 F.2d 548, 551 (10th Cir. 1992) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent a showing of proof by the party asserting federal jurisdiction. Therefore, . . . the party invoking federal jurisdiction in this case, must 'allege in [its] pleading the facts essential to show jurisdiction,' and 'must support [those facts] by competent proof.'" (citations omitted)).

Mr. Beals argues that he has pleaded a waiver of sovereign immunity by relying on 42 U.S.C. § 1983 and 28 U.S.C. § 1346(b), the Federal Tort Claims Act ("FTCA").[2] The court concludes that

---

[2]Mr. Beals does not refer to the FTCA in his Complaint (Doc. 1); however, in his response to Defendants' Motion to Dismiss,

5

Mr. Beals' reliance on these two statutes fails to meet his burden of showing the United States has waived its sovereign immunity in this action.

First, it is well-established that section 1983 "applies to actions by state and local entities, not to the federal government." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997). In fact, "[s]ection 1983 has no application to federal officers acting pursuant to federal law." *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976). Because section 1983 has no application to Defendants, Mr. Beals has failed to show the United States waived sovereign immunity in section 1983.

Second, Mr. Beals' reliance on the FTCA also fails. To serve as a waiver of sovereign immunity, the FTCA requires that a would-be plaintiff exhaust his administrative remedies by first presenting a claim to the agency whose employees allegedly caused the plaintiff's damages. *See* 28 U.S.C. § 2675(a). This administrative claim must be presented to the agency within two years of the alleged injury or else the claim is "forever barred." 28 U.S.C. § 2401(b). Mr. Beals has not alleged, much less proven, that he presented an administrative claim to the United States Department of Justice or to the United States Attorney's Office for the District of Utah within two years of

---

Mr. Beals claims he is bringing this action under both the FTCA and 42 U.S.C. § 1983 (Doc. 7).

his criminal trial during which the alleged discovery violations occurred. Therefore, Mr. Beals' claim is now "forever barred."

Accordingly, Mr. Beals has failed to provide any legal authority establishing that Congress has authorized a civil action for damages against the United States or any of its agencies for alleged discovery violations during a criminal trial. Neither section 1983 nor the FTCA waives the United States' sovereign immunity in this action. Therefore, the Court recommends that Mr. Beals' action be dismissed because it is barred by sovereign immunity.

### B. Untimeliness of Complaint

Second, Defendants argue that even were Mr. Beals to find a statutory basis for his claim - which he has not - his lawsuit is untimely. Having examined this issue, the Court agrees.

The limitations period for section 1983 cases is based on the limitations period for personal injury cases under state law, which is four years in Utah. *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (stating that limitation period for section 1983 actions in Utah is four years).

The alleged discovery violations accrued no later than Mr. Beals' January 1988 criminal trial. Thus, Mr. Beals had until 1992 to file this action, making his 2010 complaint 18 years too late. As a result, Mr. Beals' action is time-barred by the applicable statute of limitations.

## C. Issue Preclusion

Third, Defendants argue that Plaintiffs' civil rights claim must be dismissed because it is barred by issue preclusion. Issue preclusion prevents previously litigated claims from being litigated again. *See, e.g., B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1300 (10th Cir. 2008). In the Tenth Circuit, the following four elements must be met for a claim to be barred by issue preclusion:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000) (citation omitted). All four of these elements are met as to Plaintiffs' civil rights claim.

First, Mr. Beals' civil rights claim in a 1993 action is identical to the civil rights claim he has brought in this action. In 1993, Mr. Beals brought a civil rights claim for millions of dollars in damages alleging, among other things, that the DOJ was part of a conspiracy to withhold exculpatory evidence before and during Mr. Beals' 1988 criminal trial. (Doc. 24, Ex. A, at 19-20.) Likewise, in this action, Mr. Beals seeks millions of dollars in damages based on allegations that Defendants

engaged in a conspiracy to withhold exculpatory evidence during his 1988 criminal trial. (Doc. 1, at 2.) Therefore, Mr. Beals' civil rights claims in both actions are identical.

Second, Mr. Beals' 1993 civil rights action was adjudicated on the merits. A "stipulated, voluntary dismissal of [the plaintiff's] first suit, approved by the court with prejudice, [is] a judgment on the merits" for purposes of issue preclusion. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992). Mr. Beals' attorney in the 1993 Action agreed to dismiss Mr. Beals' claims against all but five individuals. (Doc. 24, Ex. C at 4.) Because the DOJ was not one of the five parties exempted from the voluntary dismissal, the Court dismissed Mr. Beals' claims against the DOJ. (*Id.*) Ultimately, Judge Winder dismissed all of Mr. Beals' claims "with prejudice." (Doc. 24, Exs. D & E.) Thus, Mr. Beals' civil rights claim against the DOJ in the 1993 Action ended in a judgment on the merits.

Third, the party against whom the doctrine is invoked - Mr. Beals - was a party or in privity to both the 1993 Action and this action. *See Cotter Corp.*, 203 F.3d at 1198. Obviously, Mr. Beals is the named plaintiff in both actions. *Compare* Doc. 24, Ex. A *with* Doc. 1.

Fourth, Mr. Beals had a full and fair opportunity to litigate his claims in the 1993 Action. In the 1993 Action, Mr. Beals filed two complaints, had the assistance of counsel, and had the opportunity to respond to all the many memoranda filed

9

therein.  In fact, given the "torturous proceedings" Judge Winder mentioned in his adoption of this Court's Report and Recommendation, Mr. Beals cannot credibly argue that he had anything less than a full and fair opportunity to litigate the 1993 Action.  (Doc. 24, Ex. D, at 2.)

As a result, all the elements of issue preclusion are met as to Mr. Beals' civil rights claim.

### D.  Claim Preclusion

Finally, Defendants argue that Plaintiffs' purported FTCA claim is barred by claim preclusion.  "[C]laim preclusion prevents a party from raising a legal claim in a second lawsuit" that could have been brought in a previous lawsuit but was not. *Berrey v. Asarco, Inc.*, 439 F.3d 636, 646 n.8 (10th Cir. 2006). For Mr. Beals' purported FTCA claim to be barred by claim preclusion, the following three requirements must be met: "(1) both suits involve the same parties or their privies, (2) the causes of action in both suits arise from the same transaction, and (3) the first suit resulted in a final judgment on the merits."  *Id.*

The first element of claim preclusion is met because both this action and the 1993 Action involve the same parties.  Mr. Beals was the plaintiff in both actions, and the DOJ - which includes the United States Attorney's Office for the District of Utah - was and is the party defendant.  *Compare* Doc. 24, Ex. A *and* Doc. 1.

The second element of claim preclusion also is met because this action and the 1993 Action arose from the same transaction. As explained above, the 1993 Action and this action arise from the same alleged withholding of exculpatory evidence during and prior to Mr. Beals' 1988 criminal trial.

Finally, the third element of claim preclusion also is met because the 1993 Action resulted in a judgment on the merits. As discussed in the Court's issue preclusion analysis above, the 1993 Action resulted in a final judgment on the merits because Mr. Beals' counsel voluntarily dismissed the claims against the DOJ, which Judge Winder approved and dismissed with prejudice. (Doc. 24, Exs. C, D, and E.)

Thus, any FTCA claim Mr. Beals is trying to bring in this action is barred by claim preclusion.

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**. The Court lacks subject matter jurisdiction because Congress has not passed a statute waiving sovereign immunity for this type of action and Mr. Beals failed to file this action within four years of his 1988 conviction. In addition, Mr. Beals' civil rights claim is barred by issue preclusion and his purported FTCA claim is barred by claim preclusion.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to

object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 10th day of August, 2011.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge